UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL MELCHIOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11CV01444 AGF |
| ) | |
| PAINTERS DISTRICT COUNCIL NO. 2, ) | |
| KEITH POWELL, and PARIC ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on two separate motions to dismiss. Defendant Painters District Council No. 2 ("District Council") moves to dismiss Counts I and II of Plaintiff Daniel Melchior's complaint for lack of subject matter jurisdiction, and Counts III and IV for lack of supplemental jurisdiction. Defendant Keith Powell moves to dismiss Counts I and IV for the same reasons asserted by District Council with respect to those counts. For the reasons set forth below, these motions shall be granted in part and denied in part.

## BACKGROUND

Plaintiff alleges that he is a 59-year old man, has been employed as a journeyman painter for over 39 years, and has been a member of the District Council for the same period of time. Plaintiff furthers alleges that in June 2009, he was elected to a three-year

term as a business agent for the District Council, and then was "laid off" from this position on December 31, 2009, along with another elected business agent over the age of 40. The District Council then hired four business agents who were under the age of 40. Plaintiff alleges that thereafter, he was an outspoken critic of the District Council leadership.

On August 10, 2011, Plaintiff was employed by a sub-contractor of Defendant Paric Corporation ("Paric"). Plaintiff alleges that on the morning of August 10, 2011, Powell, an employee of the District Council, called him on his cell phone and told him to come to the Paric trailer. When Plaintiff entered the trailer, he encountered Powell and other employees and officers of the District Council and Paric. Plaintiff alleges that Powell verbally attacked him, prevented him from leaving, "chest butted" him, "went into a rage," and pushed him down, causing him injuries. He alleges that when he asked for help, the others present refused. Plaintiff further asserts that Powell had threatened Plaintiff on two prior occasions at meetings at the District Council building.

Count I of Plaintiff's amended complaint is brought against the District Council and Powell and claims that the assault and threats by Powell constituted unlawful retaliation for Plaintiff's exercise of his right of free speech under the Labor-Management Reporting and Disclosure Act ("LMRDA"). Plaintiff asserts in Counts II and III against the District Council that his termination as business agent and the subsequent hiring of employees who were under the age of 40 constituted age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and the Missouri Human Rights

Act ("MHRA"), respectively.  In Count IV, against Powell and the District Counsel, Plaintiff asserts that Powell, individually, and as an agent of the District Council, physically assaulted him, causing grievous physical injuries, for which Plaintiff seeks damages under state common law.  Count V asserts a state law claim against Paric for failure to provide a safe work place, and Count VI asserts a state tortious-interference-with-contract claim against Paric for Paric's alleged actions in demanding that Plaintiff's employer (Paric's subcontractor) fire him because he had filed this lawsuit.

## ARGUMENTS OF THE PARTIES

In support of its motion to dismiss Count I, the District Council argues that this Court lacks subject matter jurisdiction over the LMRDA claim because Plaintiff has not alleged any "discipline" by the District Council as an entity, as required for an action under § 609 of the Act, 29 U.S.C. § 529.  The District Council asserts that § 609 is the vehicle for actions for retaliation for exercising the right of free speech guaranteed by § 101(a)(2), 29 U.S.C. § 411(a)(2).  The District Council argues that the alleged conduct at issue was nothing more than private misconduct, and thus, does not fall within the LMRDA.  Plaintiff responds that the District Council's involvement in the assault and threats by Powell has not yet been determined pending discovery.  In a sur-reply, Plaintiff asserts for the first time that Plaintiff's removal from his position as business agent was also a violation of his free speech rights under the LMRDA.

The District Council argues that Count II should be dismissed because this Court lacks subject matter jurisdiction over the ADEA claim, as the District Council is not an

"employer" under that ADEA because it does not employ 20 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year. The District Council has submitted the affidavit of Vickie Linck, a secretary for the District Council, who attests to the above facts. Plaintiff responds that the ADEA also applies to "labor organizations," and thus whether the District Council had 20 or more employees is irrelevant.

In reply, the District Council argues that Count II was brought against it as an employer, and not as a labor organization. The District Council points to the language of Plaintiff's Charge of Discrimination and the amended complaint, which use terms such as "employees," "let go," "termination," and describes Plaintiff as one of the "oldest business agents employed by the District Council." Plaintiff counters that the acts against him were directed towards him as both a member of the District Council and as an employee, and that the line where "member" stops and "employee" begins is currently unknown under the law.

Plaintiff argues additionally that there are problems with the Linck Affidavit, asserting that Linck was not a secretary during the relevant time period, and that she did not swear that the allegations in her affidavit were true. Plaintiff also contends that the affidavit contains facts outside of the pleadings, and thus, Plaintiff should be allowed to investigate and review the records referred to by Linck.

The District Council argues that because the two federal claims are properly dismissed, this Court should exercise its discretion to dismiss the state law claims against

it. As noted above, Powell argues that for the same reasons asserted by the District Council, the LMRDA claim and state law claim against him should also be dismissed.

## DISCUSSION

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To survive a 12(b)(6) motion to dismiss, a complaint "does not need detailed factual allegations," but the allegations must nonetheless "be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility' of 'entitlement to relief.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 557). A plaintiff need only allege facts that permit the reasonable inference that the defendant is liable, even if the complaint "strikes a savvy judge that actual proof of the facts alleged is improbable" and recovery "very remote and unlikely." *Hamilton v. Palm*, 621 F.3d 816, 819 (8th Cir. 2010) (quoting another source).

**LMRDA Claim**

The interplay of three sections of the LMRDA, §§ 101(a)(2), 102, and 609, determines the validity of Plaintiff's LMRDA claim. Section 101(a)(2), the so-called "Bill of Rights of Members of Labor Organizations," states as follows:

> Every member of any labor organization shall have the right to meet and assemble freely with other members; and to express any views, arguments, or opinions; and to express at meetings of the labor organization his views, upon candidates in an

> election of the labor organization or upon any business properly before the meeting, subject to the organization's established and reasonable rules pertaining to the conduct of meetings . . . .

29 U.S.C.§ 411(a)(2).

Section 102 states, in relevant part, that "[a]ny person whose rights secured by the provisions of this subchapter have been infringed by any violation of this subchapter may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate." *Id.* § 412.

And Section 609 states:

> It shall be unlawful for any labor organization, or any officer, agent, shop steward, or other representative of a labor organization, or any employee thereto to fine, suspend, expel, or otherwise discipline any of its members for exercising any right to which he is entitled under the provisions of this chapter. The provisions of section 412 of this title shall be applicable in the enforcement of this section.

*Id*. § 529.

The Supreme Court has held that by using the phrase "otherwise discipline" in § 609, Congress "did not intend to include all acts that deterred the exercise of rights protected under the LMRDA, but rather meant instead to denote only punishment authorized by the union as a collective entity to enforce its rules." *Breininger v. Sheet Metal Workers Int'l Ass'n Local Union No. 6*, 493 U.S. 67, 91 (1989). The question is whether "discipline" by the collective union is the only type of conduct that gives rise to a cause of action, as Defendant asserts.

In *Holschen v. International Union of Painters & Allied Trades/Painters District*

*Council #2*, 598 F.3d 454 (8th Cir. 2010), the Eighth Circuit explained how §§ 101(a)(2), 102, and 609 interact, as follows:

> Sections 102 and 609 do not provide alternative remedies for violations of Section 101. Rather, Sections 101 and 609 both create substantive rights which inure to the benefit of union members (Section 101. . . grants union members a number of rights, and Section 609 adds the right not to be subject to retaliatory discipline for exercising any LMRDA rights), while Section 102 contains the remedy provisions for alleged violations of both of the other sections.

*Id.* at 466.  In dicta, two judges expressed "doubts" about whether "a free-standing Section 101 retaliation claim exists," pursuant to which a union member may seek to redress an infringement of his free speech rights even if no unlawful "discipline" is shown, or whether an LMRDA retaliation claim must be brought pursuant to § 609.  *Id*.  But they also expressed doubts about their doubts, and presented arguments in support of both positions.  *Id.* & n.7.

In *Breininger*, the Supreme Court expressly declined to resolve this question, 493 U.S. at 94 n.18, as it had previously declined to do in *Finnegan v. Leu*, 456 U.S. 431, 440-441 (U.S. 1982) ("We need not decide whether the retaliatory discharge of a union member from union office – even though not "discipline" prohibited under § 609 –  might ever give rise to a cause of action under § 102.").  But in *Finnegan* the Supreme Court strongly suggested that such an action under § 102 existed: "Although the intended relationship between §§ 102 and 609 is not entirely clear, it seems evident that a litigant may maintain an action under § 102 – to redress an 'infringement' of 'rights secured' under Title I – without necessarily stating a violation of § 609."  *Finnegan*, 456 U.S. at

-7-

439. In a footnote, the Court reviewed the legislative history of the LMRDA to conclude as follows:

> Section 609, of course, applies to disciplinary action taken in retaliation for the exercise of any right secured under the Act, whereas § 102 protects only rights secured by Title I. Although the two sections may be somewhat duplicative as regards union discipline imposed in retaliation for the exercise of Title I rights, this seems due in large part to the fact that the provisions derived from different sources and were originally intended to serve quite different purposes.

*Id.* n.10.

Since *Breininger*, numerous courts have allowed what the Eighth Circuit called "a free-standing Section 101 retaliation action." *See, e.g., Maddalone v. Local 17, United Bhd. of Carpenters & Joiners of Am.*, 152 F.3d 178, 183 (2d Cir. 1998)*; Black v. Ryder/P.I.E. Nationwide, Inc.*, 970 F.2d 1461, 1471 (6th Cir. 1992); *Guidry v. Int'l Union of Operating Eng'rs, Local 406*, 907 F.2d 1491, 1493 (5th Cir. 1990); *Babler v. Futhey*, No. 1:08cv912, 2008 WL 3822179, at *5 (N.D. Ohio Aug. 12, 2008); *see also Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am.*, 927 F.2d 1283, 1298 (3d Cir. 1991) (strongly suggesting that such claim would be valid).

Based on the weight of persuasive authority, this Court concludes that a retaliation claim arising directly under § 101 does exist, and that Defendants have not offered a valid rationale to dismiss Count I.  Whether Plaintiff will be able to prevail on his LMRDA claim remains to be seen.  The Court notes that Section 101(a)(2) "is limited to speech that relates to the general interests of the union membership at large" and no cause of action arises under that section for "speech that is of an entirely personal interest."  *Hylla v.*

*Transp. Commc'ns Int'l Union*, 536 F.3d 911, 917 (8th Cir. 2008).

**ADEA Claim**

Under the ADEA, an employer is "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 29 U.S.C. § 630(b). A labor union may be liable for discrimination either in its capacity as an "employer" or in its capacity as a "labor organization." *Herman v. United Bhd. of Carpenters & Joiners of Am., Local Union No. 971*, 60 F.3d 1375, 1384 (9th Cir. 1995). However, courts have held that when a labor union is sued for employment discrimination over its alleged misconduct as an employer, it is to be treated no differently than other employers. *Herman*, 60 F.3d at 1384-85 (applying to a labor organization the ADEA's requirement that an "employer" have 20 or more employees); *Yerdon v. Henry*, 91 F.3d 370, 377 (2d Cir. 1996) (applying Title VII number-of-employee requirement to a labor union in the context of a discrimination suit brought against the union as an employer); *Chavero v. Local 241, Div. of Amalgamated Transit Union*, 787 F.2d 1154, 1155 n.1 (7th Cir. 1986) ("Where, however, a plaintiff attempts to hold the union liable in its employer capacity, it must fall under that definition, *see* 42 U.S.C. § 2000e(b), just as any other employer.").

Here, Plaintiff's ADEA claim is based upon Plaintiff's removal from his position as a business agent for the District Council. Therefore, Plaintiff's position in this context was as an employee of the District Council, not as a member of the union and thus, the union must be treated as an "employer" under the statute. Plaintiff's argument that Linck

did not swear in her affidavit that the allegations were true is belied by the record, which shows that the affiant was "sworn upon her oath." (Doc. No. 9-1.) Additionally, it is irrelevant that Linck was not the secretary during the relevant time period because the affidavit references the pertinent time period and asserts a proper evidentiary foundation. Because the District Council did not employ 20 employees on each working day of 20 calendar weeks during 2008 or 2009, it does not meet the jurisdictional requirements for a suit under the ADEA, and thus Count II will be dismissed.[1]

**State Law Claims**

Because Count I asserting a federal claim remains viable, there is no basis to decline the exercise of supplemental jurisdiction over Plaintiff's state claims.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant District Council's motion to dismiss shall be granted as to Count II and denied in all other regards. (Doc. No. 8.)

---

[1] Although Linck's affidavit contains facts that go beyond the pleadings, the Eighth Circuit has held that the minimum employee requirement is jurisdictional. *Cameron v. Mid-Continent Livestock Supplements, Inc.*, 211 F. Supp. 2d 1120, 1125 (E.D. Mo. 2002); *see also Rummel v. Esry*, No. 04-03267-CV-S-DW, 2006 WL 314342, at *3 (W.D. Mo. Feb. 8, 2006) (finding that defendant did not have the required number of employees and holding that "[w]hile Defendants' Motion is couched as one for Summary Judgment, the Court finds that it lacks subject matter jurisdiction over the Defendants and accordingly dismisses this case pursuant to Federal Rules of Civil Procedure 12(b)(1)").

**IT IS FURTHER ORDERED** that Defendant Powell's motion to dismiss Counts I and IV shall be denied.  (Doc. No. 16.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 16th day of November, 2011.