UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL MELCHIOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11CV01444 AGF |
| ) | |
| PAINTERS DISTRICT COUNCIL NO. 2, ) | |
| KEITH POWELL, and PARIC ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion for leave to file a third amended complaint adding a new Defendant and a new conspiracy count. For the reasons set forth below, this motion shall be denied.

## BACKGROUND

Plaintiff filed his initial complaint in this case on August 18, 2011, alleging certain claims against Painters District Council No. 2 (the "District Council"), Keith Powell, and Paric Corp. Plaintiff alleged that in June 2009, he was elected to a three-year term as a business agent for the District Council, and then was laid off from this position on December 31, 2009. Plaintiff alleged that thereafter, he was an outspoken critic of the District Council leadership, and that on August 10, 2011, when Plaintiff was employed by a subcontractor of Paric Corp., Powell who was an employee of the District Council, and other employees and officers of the District Council and Paric, physically assaulted

-1-

him, and that Powell had threatened him on two prior occasions at meetings at the District Council building.

Count I of Plaintiff's complaint claimed that the assault and threats by Powell acting as an agent for the District Council constituted unlawful retaliation under the Labor-Management Reporting and Disclosure Act for Plaintiff's exercise of his right of free speech.  Plaintiff asserted in Counts II and III that the District Council terminated him as business agent in violation of the Age Discrimination in Employment Act ("ADEA") and the Missouri Human Rights Act ("MHRA"), respectively.  In Count IV, Plaintiff sought damages against Powell individually and as an agent of the District Council for assault, and Count V asserted a state law claim against Paric for failure to provide a safe work place.

On October 13, 2011, Plaintiff sought leave to file an amended complaint adding a claim against Paric for tortious interference with Plaintiff's employment. He asserted that subsequent to the filing of the original complaint, he learned that the reason his employer (Paric's subcontractor) had terminated him was because Paric had demanded this action after Plaintiff instituted the instant lawsuit.  The Court granted the unopposed motion to amend on October 27, 2011.  On November 16, 2011, the Court  granted the District Council's motion to dismiss the ADEA claim against it on the ground that the District Council did not meet the definition of "employer" under that Act because it did not have 20 or more employees.

On December 2, 2011, a scheduling conference was held pursuant to Rule 16 of

the Federal Rules of Civil Procedure and on the same day, the Court issued a Case Management Order ("CMO") which provided that all motions for joinder of additional parties or amendment of pleadings shall be filed no later than February 15, 2012.  On February 14, 2012, Plaintiff moved for leave to file a second amended complaint.  The motion went unopposed and was granted by the Court on February 28, 2012.

The second amended complaint retains the original Count I for alleged violations of the LMRDA by the District Council and Powell.  Counts II and III are new claims against the District Council for retaliation under the ADEA based on the alleged failure to rehire Plaintiff and alleged dismissal of certain internal charges filed by Plaintiff.  Count IV of the second amended complaint is the same as Count III of the first amended complaint.  Counts V, VI, and VII are brought pursuant to the MHRA for the District Council's alleged retaliation, failure to rehire, and dismissal of the internal charges.  Count VIII is a restatement of Count IV of the first amended complaint, and Counts IX and X are the same as Counts V and VI of the first amended complaint.

On March 14, 2012, the District Council moved to dismiss Counts II and III against it, arguing that it is still not an "employer" under the ADEA.  That motion is now pending before the Court.  On March 19, 2012, the case was referred to Alternative Dispute Resolution ("ADR") (mediation), with the mediator to be named by April 9, 2012, and the ADR conference(s) to be concluded by May 18, 2012.  On April 2, 2012, Plaintiff filed the present motion, seeking leave to file a third amended complaint that would add as a defendant Plaintiff's former employer, the Paric subcontractor noted

-3-

above, and adds a conspiracy claim (Count XI) against the subcontractor and the three current Defendants for allegedly conspiring to deny Plaintiff of employment in violation of his first amendment rights under the LMRDA.  Plaintiff asserts that the three current Defendants would not be prejudiced by the Court granting the motion to amend and that Rule 15(a) mandates a liberal policy of allowing plaintiffs to amend complaints.

The District Council and Paric oppose the motion to amend.  They argue that Rule 16, and not Rule 15, governs the Court's consideration of Plaintiff's motion and that as Plaintiff did not show good cause as required by Rule 16 for failing to seek to add the new party and/or claim earlier, the motion should be denied.  Plaintiff did not file a reply in the time permitted.

## **DISCUSSION**

The District Council and Paric are correct that "Rule 16(b)'s good-cause standard governs when a party seeks leave to amend a pleading outside of the time period established by a scheduling order, not the more liberal standard of Rule 15(a)." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008).  Once the CMO's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper.  *Id*.  "'The primary measure of good cause is the movant's diligence in attempting to meet the [CMO's] requirements.'"  *Id*. at 716-17 (*quoting Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)).

Here, Plaintiff offered no reason or explanation as to why he did not seek to add

-4-

the subcontractor and/or a conspiracy claim earlier, nor does the Court discern any reason for the delay. Thus the motion to amend must be denied. *See, e.g., Brandon v. City of Moline Acres*, No. 4:10CV1065 CDP, 2011 WL 1085530, at *1 (E.D. Mo. March 23, 2011) (denying motion to amend to add a new claim where motion was filed less that two months after CMO deadline for amendments, because the plaintiffs did not meet the good-cause requirement of Rule 16 by merely asserting "excusable neglect" as cause, even where no prejudice was shown by the defendant).

## CONCLUSION

.	Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to file an amended complaint adding a new Defendant and a new conspiracy count is **DENIED**. (Doc. No 53.)

**IT IS FURTHER** that the Order referring the case to ADR (Doc. No. 49) is modified to provide that the mediator shall be named by May 11, 2012, and the ADR conference(s) shall be concluded by May 31, 2012.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of May, 2012.