UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DANIEL MELCHIOR, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:11CV01444 AGF |
| PAINTERS DISTRICT COUNCIL NO. 2, KEITH POWELL, and PARIC CORPORATION, | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on the motion (Doc. No. 46) of Defendant Painters District Council No. 2 (the "District Council") to dismiss, under Federal Rule of Civil Procedure 12(b)(1), Counts II and III of Plaintiff Daniel Melchior's second amended complaint. For the reasons set forth below, the Motion to Dismiss Counts II and III shall be treated as a motion for summary judgment.

# BACKGROUND

In his first amended complaint, Plaintiff alleged, in relevant part, that in June 2009, he was elected to a three-year term as a business agent for the District Council, and then was laid off from this position on December 31, 2009, along with another elected business agent over the age of 40 (Gene Kappler) and that the District Council then hired four business agents who were under the age of 40. In the relevant count of the first amended complaint Plaintiff claimed that his termination as business agent was in

-1-

violation of the Age Discrimination in Employment Act ("ADEA").

On November 16, 2011, the Court granted the District Council's motion to dismiss the ADEA claim against it on the ground that the District Council did not meet the definition of "employer" under the Act because it did not have 20 or more employees. In the absence of any opposing evidence, the Court credited the affidavit of Vickie Linck (Doc. 9-1), a secretary for the District Council, who attested that the District Council did not employ 20 or more employees for each working day in each of 20 or more calendar weeks in 2008 or 2009.

On February 28, 2012, Plaintiff filed, with leave of the Court, a second amended complaint. Counts II and III are new claims against the District Council for retaliation under the ADEA based on the failure to rehire Plaintiff as the District Council said it would do when he was laid off on December 31, 2009; and the dismissal in September 2011 of internal charges filed by Plaintiff about his not being rehired. Attached to the second amended complaint as Exhibit F are four pages that Plaintiff asserts are from the District Council's 2009 "LM-2" report.[1] Plaintiff further asserts that this report reflects

---

[1] Under the Labor Management Reporting and Disclosure Act, a union must file an annual report, or LM-2, detailing financial receipts and disbursements, including

> salary, allowances, and other direct or indirect disbursements (including reimbursed expenses) to each officer and also to each employee who, during such fiscal year, received more than $10,000 in the aggregate from such labor organization and any other labor organization affiliated with it or with which it is affiliated, or which is affiliated with the same national or international labor organization.

that the District Counsel had 22 employees in 2009. The Exhibit, in fact, shows that the District Council made disbursements to 22 individuals in 2009, including Plaintiff, Kappler, and four officers -- the president, vice president, secretary, and warden -- of the union, with the disbursements to the officers being $150, $271, $1,052, and $592 respectively.

The District Council now seeks dismissal of Counts II and III, again arguing that it is not an "employer" under the ADEA because it did not have at least 20 employees in the relevant years. The District Council maintains that the 20-employee requirement under the ADEA is jurisdictional and that its motion to dismiss is properly brought under Rule 12(b)(1). The District Council argues that the pages of Exhibit F "are in no discernible order and have no apparent connection to one another from which any determination can be made, [and] does not prove that any person listed thereon was an 'employee' for purposes of the ADEA." The District Council argues that furthermore, the minimal amounts paid to the four officers belies Plaintiff's assertion that they were employees for purposes of the ADEA.

In response, Plaintiff restates its assertion that Exhibit F reflects that the District Council had 22 employees in 2009; that the March 19, 1212 deposition of the District Council's business manager taken in a different case confirms that the District Counsel had at least 21 employees during the relevant time period; and that the District Council

---

29 U.S.C. §§ 431(b)(3).

has not presented any evidence that suggests that it had less than 20 employees in 2010 and 2011. Plaintiff asserts that on March 9, 2012, he issued requests for production of documents relied upon by Linck in support of her affidavit, and all payroll records of all employees of the District Council from 2007 to the present, and that the Court should not rule on the motion to dismiss Counts II and III before these documents are produced.

The District Counsel replies that the deposition relied upon by Plaintiff is inconclusive, and if anything, shows that the District Counsel has fewer that 20 employees as that term is defined by the ADEA.

## **DISCUSSION**

Under the ADEA, an employer is "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 29 U.S.C. § 630(b). Contrary to the District Council's assertion that the 20-employee requirement is jurisdictional, in 2006 the United States Supreme Court held that the requirement is an element of a plaintiff's claim for relief rather than a jurisdictional requirement. *See Arbaugh v. Y & H Corp.,* 546 U.S. 500 (2006). *Arbaugh* arose under Title VII, but as the Supreme Court explained in *Walters v. Metropolitan Education Enterprises*, 502 U.S. 202, 205 (1997), Title VII and the ADEA have "precisely" the same definition of employer, except for the different number of employees required to trigger the application of the statutes. Accordingly, the District Counsel's motion is more properly considered as a motion for summary judgment.

For purposes of the 20-employee requirement, the "current" year is the calendar year in which the alleged acts occurred and the "preceding" year is the calendar year immediately prior. *Walters,* 519 U.S. at 205. Thus, as the parties recognize, in the present case the relevant years are 2009, 2010, and 2011. In *Walters,* the Supreme Court approved of the "payroll method" for counting employees in this context, "since the employment relationship is most readily demonstrated by the individual's appearance on the employer's payroll." *Id.* at 206-07. To meet the definition of "employee," one must receive compensation. *Daggitt v. UFCW 304A*, 245 F.3d 981, 987 (8th Cir. 2001).

The Court believes that the record establishes that the District Counsel did not have 20 or more employees in 2009 for purposes of the ADEA, both in light of the evidence before the Court and under the doctrine of law of the case. But 29 U.S.C. § 630(b) is phrased in the alternative and Plaintiff may yet be able to establish that the District Counsel had 20 employees or more in 2010 and/or 2011. The Court will accordingly convert the District Council's motion to dismiss into a motion for summary judgment. Plaintiff shall have 21 days from the date of this Memorandum and Order to respond to the motion, and the District Council shall have seven days thereafter to reply. *Cf. ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters*, 645 F.3d 954, 965 (8th Cir. 2011).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Defendant Painters District Council No. 2 to dismiss Counts II and III of Plaintiff's second amended complaint is

converted to a motion for summary judgment. (Doc. No. 46.)

**IT IS FURTHER ORDERED** that Plaintiff shall have 21 days from the date of this Memorandum and Order to respond to the motion for summary judgment, and the District Council shall have seven days thereafter to reply.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 4th day of May, 2012.